IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CARLOS MANUEL OLIVAS-ZAMUDIO,

    Plaintiff,

vs.

D. RAY JAMES CORRECTIONAL
FACILITY, GEO Group, Inc.;
Dr. CHARLES HARDEN; JOHN
DOE, Medical Department
Administrator; Nurse FRYER;
Dr. JOHN DOE; CORRECTIONAL
CORPORATION OF AMERICA;
and JOHN DOE, MD,

    Defendants.

CIVIL ACTION NO.: CV512-029

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff asserts that the Ninth Circuit Court of Appeals found that the named Defendants in Pollard v. The GEO Group, Inc., 629 F.3d 843 (9th Cir. 2010), acted under color of federal law. Plaintiff asserts that he cannot pursue his claims against Defendants in state court because the Defendants are federal actors.

There are two (2) flaws in Plaintiff's Objections. First, the United States Supreme Court reversed the Ninth Circuit's decision in Pollard in Minneci v. Pollard, ___ U.S. ___, 132 S. Ct. 617 (Jan. 10, 2012). The Supreme Court stated in Minneci that a

AO 72A
(Rev. 8/82)

federal prisoner cannot bring a claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions. Minneci, ___ U.S. at ___, 132 S. Ct. at 623. The Court also stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." Id. (quoting Wilkie v. Robbins, 551 U.S. 537, 559 (2007) (declining to extend Bivens liability to allow a landowner to pursue a private action against employees of the Bureau of Land Development). Secondly, even if the Supreme Court had not reversed the Ninth Circuit's decision, Pollard would be controlling authority in the Ninth Circuit only, not the Eleventh Circuit, of which this Court is a member. In fact, the Eleventh Circuit has declined to extend Bivens to deliberate indifference claims against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees. Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008). Thus, Plaintiff cannot pursue a Bivens claim against Defendants based on allegations of deliberate indifference. Instead, Plaintiff should pursue his claims in a state court.

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's claims against Defendants "Nurse Fryer", "Dr. John Doe", "Corrections Corporation of America", and John Doe, Medical Administrator at Corrections Corporation of America, are **DISMISSED**, without prejudice. Plaintiff's claims against D. Ray James Correctional Facility, GEO Group, Inc., Dr. Charles Harden, and John Doe, MD, are **DISMISSED**,

AO 72A
(Rev. 8/82)

with prejudice. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___ day of _____, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)